Michael J. Kelly, Esq. Town Attorney, Castile
You have informed us that the Town of Castile, Village of Castile, Town of Perry and Village of Perry employ an individual as their zoning officer and building inspector. The position is appointive and the salary is shared jointly by the four municipalities. You have asked whether the person serving in these capacities may also hold the position of town supervisor of the Town of Castile.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The supervisor is a member of the town board which is both the administrative and legislative arm of town government. Employees and officers of the town are under the supervision and direction of the town board. The board is responsible for the determination of compensation paid to such officers and employees, establishes duties and evaluates job performance. Thus, it appears that in the normal course the position of zoning and building enforcement officer is subordinate to the office of town supervisor, establishing incompatibility (see, Informal Opinion No.86-73; 1984 Op Atty Gen [Inf] 84).
You have indicated, however, that the town, along with three other municipalities, has entered into an agreement under article 5-G of the General Municipal Law for the joint employment of a land use administrator and building code enforcement officer. The agreement contemplates that a "joint zoning committee" with representation from each municipality will have responsibility for hiring, setting policy, approving operating budgets and determining the method for sharing of costs. The enforcement officer will serve under this inter-municipal agreement and will be supervised by the joint zoning committee representing the several municipalities. The agreement is general in its terms and we are unable to determine the extent to which the town board of the Town of Castile would delegate its authority over this enforcement officer. In any event, the interpretation of local legislation and local agreements is beyond the scope of our opinion-rendering process. These matters are best left in the hands of local officials familiar with local conditions and legislative intent. It is necessary that you evaluate the extent of authority in the hands of your town board to determine whether the basis for incompatibility between the two positions, described above, remains in light of the inter-municipal agreement.
We conclude that one person may not normally serve simultaneously as the town supervisor and as the town building inspector and zoning officer. An inter-municipal agreement may, however, remove the basis for incompatibility.